■ ALLSTATE ERECTORS, INC., Respondent-Appellant, v HALPERN BUILDING CORPORATION et al., Appellants-Respondents, et al., Defendants. — In an action to recover damages for breach of contract and to foreclose a mechanic's lien, the cross appeals are from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), entered November 21, 1980, which, after a nonjury trial, *inter alia*, awarded judgment in favor of plaintiff against certain of the defendants in the principal sum of $5,938 on the first and second causes of action. Judgment affirmed, without costs or disbursements. The trial record reveals that the mechanic's lien was timely filed under section 10 of the Lien Law (see *Uprite Constr. Co. v Fisher,* 74 AD2d 826). Furthermore, the amount awarded by the court on the two causes of action was proper. We find no merit to the other claims raised by the parites. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ BESTCRAFT GENERAL CONTRACTORS, INC., Appellant, v JOHN SCIFO et al., Respondents. — In an action to recover, *inter alia,* for work, labor and services performed, plaintiff appeals from an order of the Supreme Court, Nassau County (Kelly, J.), dated February 4, 1981, which denied its motion to, *inter alia,* open its default at a Special Term hearing held November 24, 1980 to determine the issue of personal jurisdiction. Order affirmed, without costs or disbursements. It is ultimately plaintiff's duty to determine when he must appear in court. Miscommunication between court personnel and counsel may, in some instances, be sufficient excuse for failing to appear when scheduled. In this case, however, plaintiff's attorney had received a court order and a note of issue scheduling the hearing in question for November 24, 1980. Hence, the subsequent allegedly contrary information received from the court clerk as to when the matter would be heard should have put the attorney on notice that further investigation was necessary. Mangano, J. P., Weinstein, Thompson and Bracken, JJ., concur.